## JIMÉNEZ v. OLMEDO.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 151.—Resuelto en diciembre 13, 1907.

APELACIÓN—TRANSCRIPCIÓN DE AUTOS—COPIA DE LA SENTENCIA.—Si el apelante no hubiere incluído en la transcripción de autos una copia de la sentencia apelada, y sólo hubiera acompañado copia de la decisión de la corte inferior, la apelación deberá desestimarse.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Torres Monge.*

La parte apelada no compareció.

El Juez Asociado Sr. Hernández, emitió la opinión del tribunal.

En treinta de diciembre de 1905, Heraclio Jiménez Matos entabló demanda ante la Corte de Distrito del Distrito Judicial de San Juan, contra José Olmedo, Gonzalo Torres, Daniel Sosa, *acting marshal,* y Eugenio Malpica, pidiendo se declarara la nulidad del embargo y remate de una finca rústica de su propiedad, según se describe en dicha demanda, embargo y remate realizados en un juicio seguido ante el juzgado municipal de Río Grande, en que no fué parte el demandante, y se ordenara la cancelación en el registro de la propiedad de las anotaciones é inscripciones que se hubieran hecho por consecuencia del mencionado remate, condenando, además, á los demandados á que solidaria ó mancomunadamente pagaran á Jiménez Matos la suma de quinientos dollars en concepto de indemnización de los perjucios que le habían causado ó la cantidad que el tribunal estimara procedente, con las costas.

Celebrado el juicio, la corte formuló opinión escrita, y conforme con ella pronunció la siguiente decisión:

"Habiendo sido llamado este pleito para juicio por su orden de calendario, y comparecido el demandante y el demandado Eugenio Malpica por sus abogados, anunciando estar listos para el mismo, sin que lo hayan verificado los otros demandados, cuya rebeldía está notada. Propuestas, admitidas y practicadas las pruebas que presentaron, argumentaron los abogados el caso, que quedó pendiente de decisión. Y la corte, tomando en consideración las alegaciones, las pruebas y las argumentaciones, de acuerdo con la precedente opinión— Decide: Que los hechos y la ley están en contra del demandante Heraclio Jiménez Matos y á favor de todos sus demandados, quienes tienen derecho á una sentencia que declaré sin lugar la demanda, con las costas al demandante, contra cuyos bienes por las mismas se librará orden de ejecución. Y el secretario anotará un fallo de acuerdo con

esa decisión.—San Juan, Puerto Rico, abril 24 de 1907.—Pedro de Al drey, Juez de la sección 1ª.—Certifico: A. Marín Marién, Secretario Auxiliar."

Aparece en el récord copia de un escrito de fecha 5 de mayo de 1907, en que el abogado del demandante interpuso recurso de apelación de la sentencia pronunciada por la corte para ante este Tribunal Supremo.

Entendemos que dicho recurso debe ser desestimado sin discutirse en el fondo, pues falta en el récord copia del fallo ó sentencia que debió anotarse por el secretario de la corte inferior en el libro destinado al efecto, cumpliéndose así lo ordenado por el juez en su decisión ya transcrita de 24 de abril de 1907. Y es de presumirse que así se hiciera dentro de las veinte y cuatro horas después de haberse dictado aquella decisión, en armonía con el precepto del artículo 227 del Código de Enjuiciamiento Civil; pero como el artículo 299 de dicho Código exige que en caso de apelación contra una sentencia definitiva, el apelante presente á la corte de apelación, entre otros documentos, una copia del legajo de la sentencia, de cuyo legajo forma parte la copia de la misma sentencia, según el artículo 233, se está en el caso de dar cumplimiento al artículo 303, preceptivo de que se desestime la apelación cuando dejen de presentarse los documentos requeridos.

Deploramos que por inobservancia de las reglas de procedimiento tengamos con frecuencia que desestimar, como en el presente caso, recursos de apelación, sin discutirlos ni resolverlos en sus motivos ó fundamentos legales; pero aquella inobservancia tiene su sanción marcada en el artículo 303 ya citado, del Código de Enjuiciamiento Civil, y nuestro deber es darle aplicación.

Por las razones expuestas, procede la desestimación del recurso, con las costas del mismo también á cargo de la parte apelante. *Desestimada.*

Jueces concurrentes: Sres. Presidente, Quiñones y Asociados, Figueras, MacLeary y Wolf.