HERNÁNDEZ, DEMANDANTE Y APELANTE, v. HERNÁNDEZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 989.—Resuelto en noviembre 6, 1913.

DESESTIMACIÓN DE APELACIÓN—FALTA DE LA COPIA DE LA SENTENCIA—DEFECTO JURISDICCIONAL.—La falta de la copia de la sentencia en una transcripción de autos es un defecto que priva de jurisdicción a esta corte para resolver el recurso, que puede ser examinado *motu propio* por esta corte y que produce la desestimación de la apelación.

ID.—FALTA DE LA COPIA DE LA SENTENCIA—NO PUEDE SER SUPLIDA POR OTROS DOCUMENTOS.—La omisión de la copia de la sentencia apelada en una transcripción de autos no puede ser suplida por la manifestación de la parte apelante hecha en su escrito de apelación de que ésta se interpone contra la sentencia, ni por la certificación del secretario de que la sentencia se registró, ni por la mera referencia de dicho registro hecha en la exposición del caso, en el pliego de excepciones, o en cualquiera otra parte de los autos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael López Landrón.*

Abogado de los apelados: *Sr. Francisco González.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tribunal.

La apelación en este caso fué establecida por el demandante contra sentencia de la Corte de Distrito de Humacao.

Si bien consta en la transcripción de los autos una resolución de la corte inferior declarando con lugar la excepción previa de que la demanda no aduce hechos suficientes que determinen una causa de acción y que debe desestimar y desestima la demanda con las costas, así como también que el demandante solicitó que tal resolución fuera registrada como sentencia, y la corte así lo ordenó, sin embargo, la copia de la sentencia no forma parte de la transcripción de los autos de esta apelación, aunque existe una nota que dice así:

"Registrada esta sentencia el día 15 de marzo, 1913.  Fdo.  J. L. Pereyó."

La parte apelada no nos ha llamado la atención respecto

a este hecho, a pesar de lo cual debemos examinar si la falta de la copia de la sentencia nos priva de jurisdicción para resolver este recurso.

Según el artículo 299 del Código de Enjuiciamiento Civil tal como ha sido enmendado por la ley número 70 de 9 de marzo de 1911, constituirá el récord de la apelación en este tribunal, la certificación que librará el secretario del tribunal *a quo* o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación. No dice esa ley los documentos que constituyen el legajo de la sentencia sino solamente, que de él formará parte el pliego que apruebe el juez conteniendo las excepciones tomadas durante el curso del caso y la exposición de éste, por lo que tenemos que acudir al Código de Enjuiciamiento Civil, que en su artículo 233 relaciona los documentos que debe contener el legajo de la sentencia, siendo uno de ellos la copia de la sentencia apelada.

Ya hemos resuelto en muchos casos que no es apelable la resolución de la corte inferior declarando con lugar una excepción de que la demanda no aduce hechos que determinen una causa de acción, y que la apelación debe interponerse contra la sentencia que como consecuencia de ella se registre. Es cierto que además de la manifestación del apelante en su escrito de apelación de que ésta se interpone contra la sentencia, el secretario certificó que la sentencia se registró, pero el fallo mismo es el que debe aparecer en el récord y su omisión no puede ser suplida por la mera referencia que de él se haga en el escrito de apelación, en el de exposición del caso o en el de excepciones ni en cualquier otra parte del récord, ni tampoco la nota o memorándum del secretario es bastante a suplir esa falta, ya que no contiene la resolución de la corte sino la simple manifestación de que una sentencia se dictó. 2 Cyc. 1031 y casos en él citados en la nota número 6. Esas referencias no pueden suplir el precepto de la ley de que en la transcripción aparezca la copia de la sentencia y además no nos da a conocer los términos en que fué registrada. Según dijimos en el caso de *Louiel* v. *Vázquez,* que resolvimos en 29 de mayo

de este año, (pág. 623), "*  *  * Una apelación es un privilegio estatutorio y el que lo ejercita tiene el deber de hacerlo en la forma especificada por la ley  *  *  *." "El principio antes consignado con respecto a la falta del escrito de apelación es igualmente aplicable a la falta de la resolución apelada, ya que el récord debe demostrar afirmativamente todos los requisitos exigidos por la ley para que la corte de apelación adquiera jurisdicción sobre el asunto, y debe contener la orden o decreto o fallo apelado; *Savings and Loan Society* v. *Meeks,* 66 Cal., 374, doctrina que también hemos consignado en el caso de *Jiménez* v. *Olmedo,* 13 D. P. R., 308, ya que las reglas de procedimientos son obligatorias para las partes  *  *  *."

La falta, pues, de ese documento, nos priva de jurisdicción para resolver el caso y de acuerdo con el artículo 303 del propio Código, debemos desestimar la apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.