APONTE, DEMANDANTE Y APELADO, *v.* FREIRÍA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Guayama en un caso sobre tercería de bienes inmuebles.

MOCIÓN de la parte apelada para que se desestime la apelación.

No. 1063.—Resuelto primeramente febrero 3, 1914.

Resuelto en reconsideración en febrero 10 y 18, 1914.

DESESTIMACIÓN DE APELACIÓN—LEGAJO DE LA SENTENCIA—FALTA DE COPIA DE LA SENTENCIA APELADA.—Procede la desestimación de una apelación cuando en

el legajo de la sentencia no se ha insertado copia de la sentencia apelada tal como ha sido registrada en el Libro de Sentencias de la corte, no siendo suficiente el insertar en la exposición del caso el fallo en virtud del cual se ordena que se registre una sentencia de acuerdo con el mismo.

MOCIÓN DE RECONSIDERACIÓN.

DESESTIMACIÓN DE APELACIÓN SIN PERJUICIO—RECONSIDERACIÓN DE SENTENCIA.— Desestimada una apelación por esta corte y resultando de los autos que el término para apelar ha expirado ya, debe denegarse una moción para que se reconsidere la desestimación en el sentido de que sea sin perjuicio de otra apelación.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. C. Domínguez Rubio.*

Abogado de los apelantes: *Sr. F. Cervoni Gely.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Este es un caso en el cual se han presentado hasta ahora dos mociones para desestimar la apelación, que han sido declaradas sin lugar. *Aponte* v. *Freiría et al.,* 19 D. P. R., 1166. Una de estas mociones se fundó en el hecho de no contener los autos la debida copia del escrito de apelación, habiendo resuelto este tribunal que dicho error quedó subsanado por el propio apelado. El apelado presenta ahora una moción solicitando que se desestime la apelación por no haberse incluído una copia de la sentencia en el legajo de sentencia que ha sido archivado en esta corte. A pesar de que la moción fué debidamente notificada a los apelantes, no han tratado de corregir los autos, aun suponiendo que este tribunal ejercitara su discreción para corregirlos después de la omisión en que se incurrió primeramente al no agregar a los autos la copia del escrito de apelación. El Código de Enjuiciamiento Civil y las resoluciones de este tribunal son claras al expresar que la copia de la sentencia debe agregarse al legajo de la misma. Artículos 300 y 233 del Código de Enjuiciamiento Civil; Regla 40 de esta corte; *Hernández* v. *Hernández,* resuelto en noviembre 6, 1913; *López* v. *López,* resuelto en noviembre 6, 1913; *Hernández* v. *Medina,* resuelto en noviembre 10, 1913, y *Allongo* v. *Belaval,* fallado en noviembre 13, 1913. Tal sentencia no existe en el legajo. No

es suficiente con que se transcriba en la exposicion del caso
una resolución o el llamado fallo por el cual se ordena que se
registre una sentencia de conformidad con el mismo. La
copia de la sentencia registrada en el libro de sentencias de
la corte, es la que debe elevarse a este tribunal. Debiendo
desestimarse el recurso por las razones expresadas, no pode-
mos considerar los motivos en que se funda.

La apelación debe ser desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados del Toro y Aldrey.

Presentada moción de reconsideración por la parte ape-
lante, fué declarada sin lugar sin opinión en febrero 10, 1914,
y habiendo la misma parte presentado de nuevo otra moción
de reconsideración, también fué denegada en febrero 18, 1914,
por medio de la siguiente opinión del tribunal emitida por
el Juez Asociado Sr. Wolf.

La moción que ahora formulan los apelantes tiene por
objeto que este tribunal reconsidere su sentencia desestimando
la apelación interpuesta en este caso en el sentido de que la
desestimación decretada se entienda sin perjuicio de que
pueda establecerse una nueva apelación y se hacen citas de
casos de California en la referida moción. En California
el apelante tiene algunos meses después de dictada la sen-
tencia dentro de los cuales puede interponer su apelación.
En Puerto Rico el término para apelar es de 30 días. Si en
este caso la sentencia fué anotada o registrada por el secre-
tario de la corte de distrito uno o dos días después de dictado
el fallo al cual hicimos referencia en nuestra anterior opinión
de 3 de febrero, 1914, sería entonces ocioso que desestimá-
ramos la apelación sin perjuicio de una nueva apelación puesto
que el término ya habría expirado. La apelación fué inter-
puesta en 31 de mayo de 1913, lo que constituye otro indicio
de que ya han transcurrido más de 30 días desde la fecha

en que se dictó la sentencia si ésta fué realmente registrada. Si no existe sentencia registrada entonces el apelante podría hacer que el secretario registrara una e interponer recurso de apelación contra la misma. No vemos qué beneficio podría proporcionar a los apelantes dicha moción, la que debe ser desestimada.

*Denegada la moción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.