OLIVARI, DEMANDANTE Y APELADO, *v.* SUCESIÓN RAMOS, DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en un caso sobre *injunction.*

No. 1046.—Resuelto en febrero 13, 1914.

DESESTIMACIÓN DE APELACIÓN—FALTA DE COPIA DE LA SENTENCIA APELADA—INSERCIÓN DE LA DECISIÓN.—Debe desestimarse una apelación cuando en la transcripción de autos no se ha copiado la sentencia apelada y registrada en la corte inferior, no pudiendo ser suplida dicha omisión por la inserción de una copia de la decisión de la corte en la cual se ordena al secretario que registre una sentencia de acuerdo con ella.

SENTENCIAS—FIRMA DE LAS MISMAS.—Aunque el Código de Enjuiciamiento Civil no establece las formalidades que debe revestir una sentencia, la mejor práctica es que el juez sentenciador firme en el libro de sentencias la sentencia original registrada por el secretario en dicho libro.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. José G. Torres.*

Abogado de la apelante: *Sr. Juan B. Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En el presente caso la apelación fué establecida por la parte demandada contra sentencia pronunciada por la Corte de Distrito de Ponce.

Examinada la transcripción de autos encontramos en ella bajo el epígrafe de "Resolución de la Corte" una exposición de las *conclusiones de hecho* y de las *consideraciones de derecho* a que llegó el juez mediante estudio del caso, después de cuya exposición, y a continuación de la misma dice así:

"*Decisión:* Por los méritos de las conclusiones de hecho y consideraciones de derecho la corte resuelve que debe declarar y declara

con lugar la demanda, decretando que los demandados procedan a arrancar y remover los árboles que se encuentran sembrados en el patio de la casa descrita en la primera conclusión de hecho, absteniéndose en lo sucesivo de volver a sembrar árbol alguno en dicho patio, y condenándoles al pago de las costas. El secretario registrará una sentencia de acuerdo con esta decisión. Dictada en corte abierta hoy día 25 de abril de 1913. A. F. Castro, Juez del Distrito.''

No aparece que fuera registrada por el secretario sentencia alguna en los términos ordenados, y en vista de ello debemos examinar y decidir como cuestión previa si la falta de copia de la sentencia nos priva de considerar el recurso, o si para tal fin puede estimarse bastante la copia de la resolución o decisión que dejamos transcrita.

El artículo 231 del Código de Enjuiciamiento Civil dispone que el secretario deberá llevar con el protocolo de la corte un libro que se titulará ''Libro de Sentencias,'' en el cual se registrarán éstas, y el artículo 233 ordena que inmediatamente después de registrada la sentencia el secretario deberá unir y archivar los documentos que constituirán el legajo de la sentencia, entre cuyos documentos ha de haber una copia de la misma.

De dichos artículos se desprende que la sentencia original con las garantías de autenticidad necesarias debe aparecer en el libro de sentencias. Una copia de ella y no el original es lo que forma parte del legajo de la sentencia.

No contiene precepto alguno nuestro código acerca de las formalidades que debe revestir una sentencia, pero es necesario convenir en que la resolución que dicte el juez definiendo los derechos de las partes en un pleito o procedimiento debe constar en forma tal que no quepa duda alguna de que ella y no otra es la fiel expresión de la voluntad del juzgador.

La mejor práctica sería, y parece ser ésta la ordinariamente seguida en las cortes de esta Isla, que el juez firme la sentencia original registrada por el secretario en el libro de sentencias, práctica que se acomoda al artículo 363 de la antigua Ley de Enjuiciamiento Civil español, preceptivo de

que el juez debe firmar las sentencias, autorizando la publicación el escribano o secretario del juzgado.

Ahora bien, la Ley No. 70 para enmendar los artículos 92, 123, 227 y 299 del Código de Enjuiciamiento Civil, aprobada en marzo 9, 1911, dispone en el apartado sexto del artículo 299 tal como ha quedado enmendado, que constituirá el recurso de una apelación la certificación que librará el secretario del tribunal *a quo* o los abogados de las partes, del legajo de la sentencia y de la notificación de la apelación; y como del legajo de la sentencia, según el artículo 233 del mismo código, forma parte integrante una copia de la sentencia que se haya pronunciado, si esa copia no existe en el récord falta uno de los documentos que la ley exige para la consideración y decisión del recurso.

La copia de la sentencia registrada en el presente caso no ha venido en el récord. Ha venido, sí, copia de la decisión de la corte expresando los términos en que debía resolver el caso, y ordenando que el secretario registrara una sentencia de acuerdo con su decisión. Tal resolución o decisión, atendido su texto literal, no es verdadera sentencia, pues el juzgador no dispuso se registrara como sentencia sino que se registrara una sentencia de acuerdo con su decisión.

El artículo 295 del Código de Enjuiciamiento Civil tal como ha quedado enmendado por la Ley de 11 de marzo de 1908 preceptúa en su número primero, que podrá establecerse apelación ante el Tribunal Supremo de una sentencia definitiva pronunciada en un pleito o procedimiento especial comenzado en la corte que la hubiera dictado, dentro de un mes después de haberse registrado la sentencia. Como se ve, para que sea viable el recurso de apelación contra una sentencia es necesario que ésta esté registrada, registro tanto más necesario en el presente caso cuanto que él sería la comprobación de la existencia de la sentencia.

Procede desestimar el recurso por las razones consignadas, de acuerdo con el artículo 303 del Código de Enjuiciamiento Civil, sin que entremos a considerarlo en su fondo,

e invocamos como jurisprudencia aplicable al presente caso la ya establecida por esta Corte Suprema en los casos de *Jiménez* v. *Olmedo,* 13 D. P. R., 306, 308; *Hernández* v. *Hernández et al.,* y *López* v. *López,* resueltos en noviembre 6 de 1913, *Allongo* v. *Belaval,* resuelto en 13 de noviembre citado; y *Aponte* v. *Freiría y otros,* decidido últimamente en 3 de febrero del corriente año.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.