EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL LÓPEZ O GÓMEZ, alias "BÚLICO", acusado y apelante.

No. 2343.—*Visto:* Enero 27, 1925. *Resuelto:* Mayo 19, 1925.

1. DERECHO PENAL—EVIDENCIA—TESTIMONIO DE CÓMPLICES Y COACUSADOS—CORROBORACIÓN DEL TESTIMONIO.—La declaración de un cómplice queda corroborada cuando, eliminada la evidencia del cómplice, existe prueba tendente a conectar al acusado con el delito imputado.

2. APELACIÓN Y ERROR—REVISIÓN—ERROR NO PERJUDICIAL—HECHO DE NO DARSE CRÉDITO A LOS TESTIGOS DEL ACUSADO NI ANALIZARSE LA PRUEBA DE DEFENSA.—El error, si alguno existe, porque un juez no dé crédito a los testigos del acusado ni analice la prueba de defensa al proclamar la culpabilidad de éste, no es perjudicial cuando nada existe que demuestre que la defensa del acusado requería seria consideración.

SENTENCIA de *Pablo Berga*, J. (Humacao), condenando al acusado por delito de Incendio Malicioso. *Confirmada.*

*Rafael Cuevas Zequeira,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El apelante por su propio deseo fué juzgado por el tribunal de derecho, declarado culpable de un delito de incendio malicioso, y alega ahora que:

"1. La Corte de Distrito de Humacao cometió error al declarar sin lugar la moción de absolución perentoria presentada por el acusado, en la que se sostenía que la prueba del Pueblo era insuficiente, toda vez que ella consistía de la declaración de un cómplice, que no estaba debidamente corroborada.

"2. La Corte de Distrito cometió error al declarar culpable al acusado sin considerar la prueba de la defensa que fué ignorada por el tribunal, como si tal prueba no se hubiera presentado."

[1] Hubo prueba tendente a demostrar que uno o dos días antes del incendio el acusado anunció el hecho de que iba a manejar como $500, y su deseo de invertirlos en un cafetín; que llegó a su casa la noche del suceso a las 3 de la mañana, luego que el fuego había tomado bastante incremento; que después de tratar de vender un ropero y negarse a comprar otro mueble que se le ofreció, el acusado dijo que la gente no debía alarmarse al oir detonaciones en la calle Muñoz Rivera, donde luego ocurrió el fuego; que fué hallada en el sitio indicado por dicho cómplice una lata de gasolina que parece haber sido abierta en la forma relatada por el cómplice; que el acusado fué visto entrar en la cocina de su casa a eso de las 10 de la noche con gasolina y se le oyó decir a su compañero: "Vente por aquí, que avanzamos más;" y que el fuego empezó en la parte de atrás de la casa como a la media hora después.

Esto, creemos, coloca el caso dentro de la regla invocada por el apelante, como fué enunciada en el caso de *People* v. *Morton,* 139 Cal. 719 (73 Pac. 378), donde la corte de California cita con aprobación de un caso de Texas lo siguiente:

"Sugerimos esta forma como una prueba adecuada: eliminad del caso la evidencia del cómplice y entonces examinad la evidencia del otro testigo o testigos, con el objeto de determinar si hay prueba inculpatoria—prueba tendente a conectar al acusado con el delito Si existe, el cómplice está corroborado; si no existe ninguna prueba inculpatoria, no hay corroboración aunque el cómplice pueda ser corroborado en cuanto a cualquier número de hechos por él jurados."

[2] La corte inferior en el curso de una opinión de diez páginas hace mención de la coartada (*alibi*) que se cita como defensa y discute ampliamente las demás cuestiones levantadas. Claramente que el juez sentenciador no estuvo impresionado por la tentativa en probar una coartada (*alibi*), ni estaba tampoco obligado a dar crédito a los testigos del

acusado, o analizar sus declaraciones al proclamar la con-- clusión a que llegó en vista de la prueba en conjunto. Aparte de la opinión que expresa el abogado en cuanto a la fuerza persuasiva de estas declaraciones para sostener la defensa de coartada, nada existe siquiera en el alegato del apelante, que demuestre que la referida defensa requería seria consideración; y dentro de las circunstancias el error, si existió, debe considerarse como no perjudicial.

*La sentencia apelada debe ser confirmada.*