JACINTO SANTOS, demandante y apelante, *v.* CRÉDITO Y AHORRO PONCEÑO y BENIGNO DÍAZ, demandados y apelados.

No. 5057.—*Sometido:* Mayo 4, 1931. *Resuelto:* Julio 28, 1931.

*Antonio L. López,* abogado del apelante; *Miguel Marcos Morales,* abogado del apelado Crédito y Ahorro Ponceño.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Después de la exposición de hechos, que comprende las primeras seis páginas del alegato de la parte apelada, y antes del señalamiento de errores, había la indicación de que debía desestimarse el recurso por la razón de que la transcripción no contenía copia de la sentencia apelada. El apelante, en un alegato adicional radicado posteriormente, replicó que

el apelado estaba equivocado en cuanto a la alegada omisión de la sentencia aludida, y citó la página de la transcripción en que podía encontrarse. En esa página había una copia *verbatim* de la sentencia dictada por la corte de distrito, firmada por el juez y certificada por el secretario. Éste certificó que la transcripción del legajo de la sentencia era una copia fiel de lós "originales existentes en los autos del referido caso."

Unas dos semanas de haber sido fallado el caso, y varios días después del envío del mandato, el apelado radicó moción de reconsideración por el fundamento de que la cuestión jurisdiccional envuelta en la alegada omisión del apelante al dejar de incluir en el legajo copia de la sentencia, no había sido considerada. En apoyo de esta contención, el apelado cita *Aponte* v. *Freiría et al.,* 20 D.P.R. 93; *Olivari* v. *Sucn. Ramos,* 20 D.P.R. 103; *Hernández* v. *Hernández,* 19 D.P.R. 1041; *Jiménez* v. *Olmedo,* 13 D.P.R. 306, 308; *Sucn. Nieves* v. *Sucn. Sánchez,* 17 D.P.R. 873; 33 Cal. 549; 36 Cal. 129; 4 C. J. 47, sec. 1625, nota 79; y 4 C. J. 165, sec. 1772, nota 6.

Véanse, además, 3 C. J. 612, sec. 462; 2 R.C.L. 32, sec. 11; 8 Bancroft's Code Practice and Remedies, 8766, sec. 6615; Black on Judgments (2ª ed.), tomo 1, 150, sec. 106; 15 R.C.L. 571, 578, 579, secciones 5, 11 y 14; y 34 C. J. 44, 52, 83, secciones 175, 182 y 224.

■■ Los artículos 188, 227, 231, 233, 234, 295 y 299, del Código de Enjuiciamiento Civil, según fué adoptado en 1904, eran así:

"Art. 188.—Una sentencia es la decisión definitiva sobre los derechos de las partes en un pleito o procedimiento."

"Art. 227.—En todos los casos, deberá el Secretario registrar la sentencia de acuerdo con la decisión, dentro de lás veinticuatro horas de haberse dictado, a no disponer la Corte que el caso se reserve para nuevas alegaciones o más amplia consideración o que se suspendan los procedimientos."

"Art. 231.—El Secretario deberá llevar, con el protocolo de la

Corte, un libro que se titulará 'Libro de sentencias', en el cual se registrarán éstas.''

''Art. 233.—Inmediatamente después de registrada la sentencia, el Secretario deberá unir y archivar las siguientes actuaciones que constituirán el legajo de la sentencia:

''1. En caso de que la demanda no hubiere sido contestada por la parte demandada, la citación . . . . y una copia de la sentencia.

''2. En todos los demás casos, las alegaciones . . . y copia de la sentencia . . . . ''

''Art. 234.—Inmediatamente después de formado el legajo de la sentencia, el Secretario deberá hacer el correspondiente registro de aquélla bajo apropiado encabezamiento, en el libro registro de asuntos a su cargo, y a partir de la fecha de su registro, constituirá la sentencia un gravamen . . . . ''

''Art. 295.—Podrá establecerse apelación para ante el Tribunal Supremo de Puerto Rico contra las resoluciones de las Cortes de Distrito en los casos siguientes:

''1. De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzado en la Corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia . . . .

''2. De una sentencia de una Corte de Distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia.

''3. De una providencia . . . . y de una sentencia interlocutoria . . . . dentro de los diez días de dictada la providencia o sentencia interlocutoria y de anotada la. misma en el libro de actas de la Corte o de archivada en la Secretaría.''

''Art. 299.—En la apelación contra una sentencia definitiva, el apelante debe presentar a la Corte de apelación una copia del escrito interponiendo el recurso, del legajo de la sentencia y de cualquier pliego de excepciones . . . . ''

En *Hernández* v. *Hernández* et al., *supra*, en la transcripción se elevó ''una resolución . . . . . declarando con lugar la excepción previa . . . . . y que debe desestimar y desestima la demanda.'' También demostraba que ''el demandante solicitó que tal resolución fuera registrada como sentencia, y la corte así lo ordenó. . . . .'' Había una nota firmada ·por el secretario indicando que se había dictado sentencia, pero en la transcripción no se incluyó sentencia alguna.

Este tribunal, por voz del Juez Asociado Sr. Aldrey, dijo:

" . . . . Es cierto que además de la manifestación del apelante en su escrito de apelación de que ésta se interpone contra la sentencia, el secretario certificó que la sentencia se registró, pero el fallo mismo es el que debe aparecer en el récord y su omisión no puede ser suplida por la mera referencia que de él se haga en el escrito de apelación, en el de exposición del caso o en el de excepciones ni en cualquier otra parte del récord, ni tampoco la nota o memorándum del secretario es bastante a suplir esa falta, ya que no contiene la resolución de la corte sino la simple manifestación de que una sentencia se dictó. 2 Cyc. 1031 y casos en él citados en la nota número 6. Esas referencias no pueden suplir el precepto de la ley de que en la transcripción aparezca la copia de la sentencia y además no nos da a conocer los términos en que fué registrada."

En *Olivari* v. *Sucesión Ramos*, en que el Juez Presidente Sr. Hernández emitió la opinión del tribunal, encontramos lo que sigue:

"La copia de la sentencia registrada en el presente caso no ha venido en el récord. Ha venido, sí, copia de la decisión de la corte expresando los términos en que debía resolver el caso, y ordenando que el secretario registrara una sentencia de acuerdo con su decisión. Tal resolución o decisión, atendido su texto literal, no es verdadera sentencia, pues el juzgador no dispuso se registrara como sentencia sino que se registrara una sentencia de acuerdo con su decisión.

"El artículo 295 del Código de Enjuiciamiento Civil tal como ha quedado enmendado por la Ley de 11 de marzo de 1908 preceptúa en su número primero, que podrá establecerse apelación ante el Tribunal Supremo de una sentencia definitiva pronunciada en un pleito o procedimiento especial comenzado en la corte que la hubiera dictado, dentro de un mes después de haberse registrado la sentencia. Como se ve, para que sea viable el recurso de apelación contra una sentencia es necesario que ésta esté registrada, registro tanto más necesario en el presente caso cuanto que él sería la comprobación de la existencia de la sentencia."

La conclusión a que allí se llegó era incuestionablemente correcta (desde el punto de vista de la práctica prevaleciente en otros sitios de los Estados Unidos y en esta Isla bajo el Código de Enjuiciamiento Civil tal como fué originalmente promulgado), si el tribunal actuó correctamente al resolver que la decisión de la corte de distrito no era de por sí una

sentencia. Si esa decisión era o no una sentencia, es otra cuestión. Esa cuestión no estuvo envuelta en el caso de *Hernández* v. *Hernández, et al.*

Este tribunal jamás ha considerado ciertos cambios efectuados en el Código de Enjuiciamiento Civil en relación con la cuestión de si el registro de una sentencia es un requisito previo jurisdiccional para que pueda ser revisada en apelación.

El artículo 227 fué variado enteramente por una ley de marzo 9, 1911 (Leyes de ese año, pág. 238), que requiere que el juez de distrito haga y archive "una relación breve del caso exponiendo los hechos según éstos resulten ante él y dando las razones en que funde su decisión." Fué nuevamente enmendado en 1925 (Leyes de ese año, pág. 179), y lee ahora en parte así (bastardillas nuestras):

"En el juicio definitivo de cualquier caso en una corte de distrito, el juez de la misma, deberá hacer y archivar al mismo tiempo que dicte su sentencia, una opinión escrita, *que se unirá a aquélla* . . . "

La sección 2 de una ley aprobada en marzo 9, 1911 (Leyes de ese año, pág. 239), reza así:

"En todos los casos en que se pueda establecer el recurso de apelación, según lo provisto en la sección 295 del Código de Enjuiciamiento Civil, según fué enmendada en marzo 11 de 1908, será deber del secretario de la corte, enviar a la parte perjudicada, o a su abogado, al dictarse la sentencia, de la cual pueda establecerse el recurso de apelación, una notificación escrita informándole que la sentencia ha sido dictada, o de la resolución de la corte, y una copia de esa notificación será archivada con los autos, y el término para establecer el recurso de apelación empezará a correr desde la fecha del archivo de dicha notificación con los autos."

Aquí la Legislatura fija como el tiempo en que se notificará la sentencia, la fecha en que se dicte, no la de su registro. La parte perdidosa ha de ser notificada de que se ha dictado sentencia, no de que se ha registrado. La fecha del registro ha dejado de ser un factor en la determinación del

tiempo para apelar, o en la fijación de la fecha desde la cual ese tiempo empezará a correr.

Puede que haya otras disposiciones legislativas que tengan alguna relación sobre este asunto. No trataremos de hacer en este momento una investigación ulterior sin la ayuda de los letrados, ni de impedir cualquier discusión que pueda arrojar luz adicional sobre la cuestión en casos futuros.

En el caso presente, la sentencia que se expone en el legajo pretende ser una sentencia, no una providencia para sentencia ni una orden para que se registre sentencia. Es en sí una sentencia declarando sin lugar la demanda, y contiene todos los 'elementos esenciales de tal. La copia que tenemos ante nos puede o no haber sido tomada del libro de sentencias. El hecho de que contenga la disposición de que sea registrada y notificada a las partes, no niega el hecho probable de que fuera así tomada. Hubiera sido bastante natural que el copista que registró la sentencia siguiera su fraseología, incluyendo la disposición de que fuera registrada y notificada, tal como la halló en una oración concisa.

La verdadera omisión, si es que hay algún defecto u omisión, es la falta de una certificación en términos expresos que diga que la copia de la sentencia que aparece en el legajo es una copia fiel y correcta del asiento contenido en el registro de sentencias. Probablemente sería difícil encontrar, entre los casos resueltos por este tribunal, un récord que llene este requisito. La copia de la sentencia es generalmente seguida por una nota o endoso al efecto de que la misma fué registrada en determinado día, pero esto dista mucho de ser una certeza de que la copia precedente firmada por el juez es copia fiel y correcta del asiento en el registro de sentencias.

No estamos preparados para decir que la falta de tal certificación constituye un defecto jurisdiccional.

*Debe denegarse la moción.*

Los Jueces Asociados Sres. Aldrey y Texidor están conformes con el resultado.