EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FÉLIX FIGUEROA, acusado y apelante

No. 5315.—*Sometido:* Febrero 1, 1934. *Resuelto:* Febrero 2, 1934.

E. *González Mena,* abogado del apelante; R. A. *Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En 8 de julio de 1932 Florencio López y Félix Figueroa fueron acusados conjuntamente de un delito de escalamiento en primer grado perpetrado, según la acusación, en el término municipal de Isabela, distrito judicial de Aguadilla. Se alega que los acusados, obrando juntos, maliciosa y voluntariamente, y con intención criminal de cometer hurto o ratería, penetraron en la casa residencia de Manuel Amador substrayendo de dicha morada varios artículos. El coacusado Florencio López se declaró culpable y el apelante Félix Figueroa, luego de haber alegado su inocencia, fué declarado culpable por un jurado y condenado por la corte inferior a la pena de un año de presidio con trabajos forzados. Como único error para solicitar la revocación de la sentencia el acusado apelante alega que el veredicto rendido por el jurado es contrario a la prueba, ya que la misma consiste de la declaración de un cómplice que no fué corroborada, siendo, por lo tanto, insuficiente para sostener dicho veredicto.

Dispone el artículo 253 del Código de Enjuiciamiento Criminal que no procede la convicción por declaración de un cómplice, a no ser que ésta sea confirmada por alguna otra prueba que por sí misma y sin la ayuda del testimonio del cómplice, tienda a demostrar la relación del acusado con la comisión del delito; no siendo suficiente dicha corroboración si sólo prueba la perpetración del delito o las circunstancias del mismo.

En el caso de *El Pueblo* v. *López,* 34 D.P.R. 260, esta corte reproduce las siguientes palabras, tomándolas de una

decisión de California que a su vez las copia de un caso de Tejas:

"'Sugerimos esta forma como una prueba adecuada: eliminad del caso la evidencia del cómplice y entonces examinad la evidencia del otro testigo o testigos, con el objeto de determinar si hay prueba inculpatoria—prueba tendente a conectar al acusado con el delito. Si existe, el cómplice está corroborado; si no existe ninguna prueba inculpatoria, no hay corroboración, aunque el cómplice pueda ser corroborado en cuanto a cualquier número de hechos por él jurados.'"

Hemos examinado detenidamente toda la prueba aportada en este caso y, si exceptuamos la declaración de Florencio López, no hay en los autos prueba alguna que relacione al acusado con el delito que se le imputa. Florencio López, acusado conjuntamente con Félix Figueroa, declara que éste le invitó a cometer el delito, que actuaron de común acuerdo y que quien penetró en la casa y sustrajo los artículos hurtados, fué el acusado apelante, quedándose el testigo en el balcón. No hay prueba alguna que corrobore el testimonio de este cómplice ni que tienda a relacionar al acusado con el delito. El veredicto del jurado ha tenido que basarse exclusivamente en el testimonio de Florencio López y la sentencia dictada como consecuencia de este veredicto debe ser *revocada y absolverse al acusado*.