EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MATÍAS DÍAZ CONCEPCIÓN y CECILIO MERCADO ESQUILÍN, acusados y apelantes.

Núm. 12484.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Noviembre 25, 1947.

J. *Ramírez Viñas,* abogado de los apelantes; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras* y *Alberto Picó Santiago, Fiscal* y *Fiscal Auxiliar del Tribunal Supremo,* respectivamente, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Los apelantes fueron sentenciados por infracción a la Orden Administrativa núm. 92 del Administrador General de Suministros.

Los hechos pueden resumirse así: Matías Díaz Concepción era dueño de un establecimiento donde, entre otros artículos, se vendía leche de vaca para el consumo humano. Cecilio Mercado Esquilín trabajaba con él en dicho establecimiento, aparentemente en concepto de dependiente. El 16 de agosto de 1946, no encontrándose en el establecimiento Matías Díaz Concepción, dicho dependiente vendió a Juan Lucré un litro de leche cruda a granel por el precio de veintidós centavos, en exceso del precio máximo de diez y nueve centavos fijado por la citada Orden Administrativa para dicho artículo.

El apelante Matías Díaz Concepción señala como error el que se le haya convicto no hallándose presente en el establecimiento al celebrarse la transacción ilegal e invoca los casos de *El Pueblo* v. *López et al.*, por infracción a la Ley Insular de Suministros, ante, página 623. En los referidos casos se resolvió que cuando el dueño del establecimiento no participa personalmente en la transacción ilegal, no es responsable del delito, a menos que exista alguna evidencia, directa o circunstancial, tendente a demostrar que sus empleados intencional o deliberadamente infringieron la ley por instrucciones suyas o con su aprobación o aquiescencia.

De la prueba testifical que tuvo ante sí la corte sentenciadora no resulta que el dependiente infringiera la ley siguiendo instrucciones de su principal, o con su aprobación o aquiescencia. Pero el fiscal presentó la declaración jurada que había prestado el coacusado Cecilio Mercado Esquilín, en la que decía que al vender la leche al precio que se alega en la acusación, lo hizo siguiendo instrucciones de su principal.

La cuestión ahora a resolver es si esa evidencia es suficiente para sostener la sentencia contra Díaz Concepción. No debemos perder de vista que Matías Díaz Concepción y Cecilio Mercado Esquilín, habiendo sido acusados del mismo delito, eran cómplices. *Pueblo* v. *Figueroa*, 46 D.P.R. 134; *Pueblo* v. *López*, 34 D.P.R. 260; *Pueblo* v. *Robles*, 13 D.P.R. 308 (2da. ed., 1921) y *People* v. *Morton*, 73 Pac. 609 (Cal. 1903). Siendo Mercado Esquilín un cómplice es de aplicación el artículo 253 del Código de Enjuiciamiento Criminal que prescribe:

"No procede la convicción por declaración de un cómplice, a no ser que ésta sea confirmada [corroborada](1) por alguna otra prueba que, *por sí misma y sin la ayuda del testimonio del cómplice,* tienda a demostrar la relación del acusado con la comisión del delito; *no siendo suficiente dicha corroboración si sólo prueba la perpetración del delito o las circunstancias del mismo.*" (Materia entre corchetes nuestra.) (Bastardillas nuestras.)

Si eliminamos la declaración de Mercado Esquilín, no queda en este caso ninguna prueba que tienda a conectar a Díaz Concepción con la comisión del delito. Consecuentemente, la prueba es insuficiente para sostener la sentencia dictada contra Díaz Concepción. *Pueblo* v. *Figueroa*, supra; *Pueblo* v. *López*, supra; *Pueblo* v. *Robles*, supra y *People* v. *Morton*, supra.

En cuanto al acusado Cecilio Mercado Esquilín la prueba fué contradictoria, pero la del fiscal, a la cual dió crédito la corte, es suficiente para sostener la convicción.

*Procede revocar la sentencia en cuanto a Matías Díaz Concepción y absolverlo y confirmarla en lo que respecta a Cecilio Mercado Esquilín.*

---

(1) El texto inglés dice "corroborated."