El Pueblo de Puerto Rico, demandante y apelado, *v.* Juan Martínez, acusado y apelante.

Núm. 7167.—*Sometido:* Julio 19, 1938. *Resuelto:* Julio 20, 1938.

*Juan Valldejuli Rodríguez*, abogado del apelante; *R. A. Gómez, Fiscal*, y *Luis Janer, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El 4 de febrero del año pasado la Corte de Distrito de San Juan dictó sentencia en este caso condenando al acusado

a pagar una multa de $50 o en su defecto a cumplir un día de cárcel por cada dólar que dejase de pagar. No estando conforme con la sentencia, el mismo día radicó el acusado en la secretaría de la corte inferior un escrito de apelación del cual no notificó al fiscal. No obstante el tiempo transcurrido desde la interposición del recurso, el acusado no ha radicado hasta la fecha transcripción de evidencia o exposición del caso, encontrándose en libertad bajo fianza.

Por no haberse notificado el escrito de apelación al fiscal del distrito y por haber dejado de radicar en la corte inferior la transcripción de evidencia o exposición del caso, solicita el fiscal de este tribunal la desestimación del recurso. Notificado de la moción de desestimación, radicó el acusado por su abogado Sr. J. Valldejuli un escrito de oposición en el que entre otras razones para que no se desestime el recurso expone:

1. Que habiéndose iniciado este caso en una corte municipal mediante denuncia, al apelar de la sentencia que en grado de apelación dictó la corte de distrito no era necesario notificar al fiscal con copia del escrito de apelación, requisito éste que según la representación del acusado sólo se exige en los casos originados en las cortes de distrito.

2. Porque el acusado no estuvo representado por abogado en la corte de distrito por carecer de medios económicos e ignoraba la ley relativa a la formalización del recurso de apelación, suplicando ahora el acusado que se le conceda un nuevo término de treinta días para radicar la transcripción de evidencia en esta Corte Suprema.

Alega otras razones el acusado que van dirigidas a atacar la validez de la resolución de la Comisión de Servicio Público que motivó la sentencia, cuestiones éstas que como veremos más adelante no es necesario considerar dentro de este procedimiento.

■■ Dispone el artículo 3 del Código de Enjuiciamiento Criminal que "todas las causas en que deban entender los jueces de paz o municipales, cuando se apelan a la Corte de

Distrito, serán juzgadas atendiendo a la primitiva denuncia o auto judicial, procediéndose de nuevo al juicio en la Corte de Distrito.'' De suerte que apelada la causa para ante la corte de distrito, se juzga allí el caso *de novo,* siguiéndose exactamente el procedimiento prescrito para los demás casos *misdemeanors,* originados en dicha corte, con la sola excepción que en estos últimos el cargo se presenta mediante acusación fiscal, mientras que en los originados en las cortes municipales, al juzgarse en la de distrito, subsiste la denuncia. Al apelar de la sentencia de la corte de distrito para ante este tribunal, la ley no establece diferencia alguna entre los *misdemeanors* originados en las cortes municipales y aquellos que se juzgan originalmente en las cortes de distrito. El procedimiento es el mismo en uno y otro caso y entre los artículos que lo regulan se halla el 350 del Código de Enjuiciamiento Criminal, que dice así:

"Se establece una apelación, presentando al secretario del tribunal en que estuviere archivada la sentencia o providencia apelada, el escrito de apelación, *con entrega de las copias correspondientes al abogado de la parte contraria.''* (Itálicas nuestras.)

La cuestión suscitada por la representación del acusado sobre la necesidad de la notificación del recurso de apelación al fiscal no es nueva en esta jurisdicción. En el caso de *El Pueblo* v. *Rubio,* 44 D.P.R. 889, en que se trataba de un delito de abandono de menores, *misdemeanor* que se ve en primera instancia en las cortes municipales, al apelar el acusado de la sentencia que le impuso la Corte de Distrito de San Juan notificó por correo al fiscal de distrito con copia del escrito de apelación. Se solicitó la desestimación del recurso, alegando el fiscal que no se le había entregado personalmente la copia del escrito de apelación. El acusado no probó en manera alguna que el escrito de apelación hubiese llegado a manos del fiscal y como el Código de Enjuiciamiento Criminal no autoriza las notificaciones por correo en los casos criminales, se consideró a los efectos del caso como si el es-

crito de apelación no hubiese sido notificado al fiscal. Resolviendo la cuestión de falta de notificación del recurso, este tribunal, por su Juez Presidente Sr. del Toro, se expresó en los siguientes términos:

"Con respecto a la necesidad de notificar al fiscal debidamente el escrito de apelación para que esta corte pueda conocer del recurso, no hay cuestión. Se ha decidido repetidas veces por esta misma Corte Suprema que *si la notificación no se hace, no adquiere jurisdicción la corte* y el recurso debe ser desestimado sin oírse." (Itálicas nuestras).

En el mismo caso de *El Pueblo* v. *Rubio* se cita con aprobación el de *People* v. *Bell,* 70 Cal. 33, donde se dijo:

" 'El récord aquí no demuestra que el escrito de apelación se haya notificado personalmente a nadie. La ley requiere que el mismo sea entregado personalmente a los abogados de la otra parte (Código Penal, art. 1240) y el récord debe demostrarlo. (*People* v. *Phillips,* 45 Cal. 44; *People* v. *Clark,* 49 Cal. 455.) No siendo ése el caso, la apelación no puede considerarse.' Toda vez que de la omisión y el error cometido se llamó la atención al apelante por el alegato de la otra parte y no se ha hecho esfuerzo alguno para corregir tal omisión o error o demostrar que el servicio personal de la notificación fué hecho, debemos llegar a la conclusión de que no existió tal servicio personal y que la corte nunca tuvo jurisdicción para conocer de la apelación."

Siendo como es el requisito de la notificación del recurso al fiscal de carácter jurisdiccional, al no haberse cumplido con el mismo esta corte no ha adquirido jurisdicción para conocer del recurso y sean cuales fueren los méritos del caso nos sentimos obligados a desestimarlo por falta de jurisdicción, no pudiendo por igual motivo considerar las demás cuestiones alegadas por el acusado en oposición a la moción de desestimación.

*Procede, por lo expuesto, desestimar la apelación que en este caso interpuso el acusado contra la sentencia de la Corte de Distrito de San Juan que le condenó a pagar $50 de multa y las costas, o en su defecto a cumplir un día de cárcel por*

*cada dólar que dejare de pagar, denegándose a la vez el restablecimiento del término para la radicación de la transcripción de evidencia.*