EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* DARÍO ARROYO MORALES, acusado y apelante.

Núm. 7140.—*Sometido:* Enero 9, 1939. *Resuelto:* Mayo 29, 1939.

*F. Pérez Rejis,* abogado del apelante; *R. A. Gómez, Fiscal, y Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

 En abril 5, 1938, Darío Arroyo Morales fué convicto de infringir el artículo 7 de una "Ley para reglamentar la venta de armas de fuego en Puerto Rico; ordenar la declaración de las mismas en cualquier forma que éstas fueren poseídas; prohibiendo la entrega de ellas a ciertas personas e imponiendo penas, y para otros fines," aprobada el 8 de julio de 1936 (Tercera Legislatura Extraordinaria, págs. 129, 133). En abril 6 el taquígrafo del fiscal de distrito aceptó la entrega de copia del escrito de apelación, que fué entonces radicado en la oficina del secretario de la corte de distrito. Esta notificación estaba firmada "Pedro Rodríguez Serra, Fiscal del Distrito, por H. Rivera, taquígrafo."

En julio 15, 1938, el apelante radicó en este Tribunal una excepción perentoria a la acusación, un alegato en apoyo de su excepción y una moción solicitando permiso para impugnar la acusación por no imputar ésta un delito público bajo el artículo 7 de la ley. El apelante explicó que no estaba en condiciones de pagar por la transcripción de evidencia o por la preparación de la exposición del caso y que la corte de distrito le había declarado sin lugar una moción en que solicitaba permiso para litigar *in forma pauperis*.

En agosto 10, 1938, se señaló el 20 de diciembre para la vista del caso. El 6 de diciembre el fiscal de esta corte solicitó se desestimara el recurso por falta de jurisdicción, basado en que el escrito de apelación no había sido notificado al fiscal de distrito, conforme exige el artículo 350 del Código de Enjuiciamiento Criminal. Se señaló el 12 de diciembre para la vista de dicha moción.

En la mañana del 12 de diciembre el apelante radicó una declaración jurada al efecto de que conforme demostraban los autos, el escrito de apelación había sido notificado al fiscal de distrito por mediación de su taquígrafo, que había aceptado la notificación; y que el escrito de apelación también había sido notificado al fiscal de distrito personalmente. La

moción para desestimar fué oída en la tarde del mismo día.. El apelante no compareció a la vista y el recurso fué desestimado. Luego de haberse llamado la atención de la corte hacia la declaración jurada presentada por el apelante, la resolución desestimando el recurso fué dejada sin efecto y la moción fué nuevamente señalada para vista.

En la segunda vista celebrada el 9 de enero de 1939 el fiscal de esta corte presentó una contradeclaración jurada en la cual el fiscal de distrito manifestaba que en ningún momento había sido notificado del escrito de apelación; que un día dentro del período transcurrido entre el 19 y el 24 de diciembre de 1938, el letrado del apelante había informado al declarante haber entregado copia del escrito de apelación al taquígrafo de éste y le había pedido que conviniera en que se considerara tal notificación como una hecha personalmente; que el deponente rehusó esta proposición, basado en que no deseaba establecer tal precedente en su oficina; qué en una entrevista celebrada con el letrado del apelante el 28 de diciembre de 1938, el declarante le informó de una carta recibida del fiscal de este tribunal y que entonces el letrado le dijo que él había entregado al declarante copia del escrito de apelación luego de haberle entregado copia del mismo al taquígrafo del declarante, manifestación que el declarante había negado de plano. Toda vez que el letrado del apelante no compareció a la segunda vista de la moción de desestimación y que la contradeclaración no aparece haber sido notificada, para ahorrar tiempo pueden omitirse en esta opinión cualesquiera manifestaciones contradictorias relacionadas con otra cuestión mencionada en las dos declaraciones. En ninguna parte de la contradeclaración niega el fiscal de distrito haber tenido conocimiento del hecho de que el taquígrafo, actuando a nombre del fiscal y utilizando el nombre y título oficial de éste, hubiera aceptado por escrito copia del documento de apelación. En ninguna parte dice el fiscal que jamás recibió la copia del escrito de apelación entregada a su taquígrafo.

Hasta el presente este tribunal ha resuelto que el dejar de notificar el escrito de apelación al fiscal de distrito es un defecto jurisdiccional. Véanse *Pueblo* v. *Martínez,* 53 D.P.R. 578; *Pueblo* v. *Rubio,* 44 D.P.R. 889. El caso de *Santana* v. *Salinas,* 54 D.P.R. 116 denota una tendencia similar en casos civiles. Los artículos 350 y 351 del Código de Enjuiciamiento Criminal han sido copiados íntegramente en el caso de *El Pueblo* v. *Rubio.* Si es que vamos a adherirnos a esta regla, no debemos ser demasiado escrupulosos sobre la prueba de la notificación.

En el caso de *El Pueblo* v. *Escudero,* 41 D.P.R. 318, resolvimos que ''el dejar una copia del escrito de apelación sobre el escritorio del fiscal . . . no es un cumplimiento de la ley.'' A este respecto se indicó que ''la entrega debe ser personal o debe demostrarse la imposibilidad de hacer una notificación así o en forma similar, según provee el artículo 351'' del Código de Enjuiciamiento Criminal. Si el *affidavit* de notificación hubiera demostrado que copia del escrito de apelación fué dejada en el escritorio del fiscal en horas de oficina y que ni el fiscal ni ninguna otra persona se hallaba en dicha oficina en aquel momento, el resultado tal vez pudo ser distinto, aunque tal vez no.

En el caso de *El Pueblo* v. *Rubio,* supra, este tribunal dijo:

''Si al suscitarse por el fiscal la cuestión, el apelante no se hubiera limitado a descansar en el récord sino que hubiera presentado prueba demostrativa de que el pliego enviado conteniendo la notificación fué en efecto entregado, recibido y abierto por el fiscal del distrito dentro del término de ley quedando así enterado personalmente de la interposición del recurso, podría sostenerse que la notificación por correo había llegado a ser una personal, sin necesidad de la ayuda de ningún precepto estatutario específico.''

El *affidavit* de notificación en el caso de Rubio no demostraba siquiera que la copia del escrito de apelación se hubiera enviado por correo certificado. Si el *affidavit* hubiese demostrado esto y si hubiera venido acompañado por la tarjeta en

que se acusa recibo del certificado, como prueba adicional del hecho de que el sobre había sido recibido por el fiscal de distrito, esto habría bastado, a nuestro juicio, para establecer la entrega de la notificación contenida en tal sobre.

En el caso de *El Pueblo* v. *Varela*, 41 D.P.R. 889, el fiscal de distrito, dentro del tiempo concedido por la ley para interponer una apelación, manifestó durante el curso de una conversación que el acusado había apelado de la sentencia. Dentro del término concedido por la ley para apelar el acusado le había notificado de una moción en que solicitaba la transcripción de la evidencia. En el párrafo inicial de dicha moción el apelante manifestaba que había apelado. El fiscal de distrito, en unión del letrado del apelante, habían firmado una estipulación mediante la cual sometían la transcripción de la evidencia al juez de distrito para su aprobación. Este tribunal dijo:

"El propósito del requisito estatutario respecto a la entrega de copia del escrito de apelación al fiscal de distrito es para informarle del primer paso dado por el apelante en la tramitación de su recurso. Aquí, el fiscal de distrito tenía conocimiento efectivo y escrito de la apelación. El aviso contenido en el primer párrafo de la moción solicitando la transcripción de la evidencia era un cumplimiento substancial del estatuto. Al firmar la estipulación para que se aprobara esa transcripción, el fiscal de distrito renunció cualquier defecto formal en el aviso así dado."

En el caso de *El Pueblo* v. *Mercado*, 45 D.P.R. 750, el escrito de apelación fué remitido por correo al fiscal de distrito. La notificación no se hizo personalmente porque cuando el letrado del apelante fué a la oficina del fiscal éste se hallaba ausente del distrito. Más tarde el abogado del apelante visitó de nuevo la oficina del fiscal de distrito y se enteró de que el escrito de apelación se había recibido. Las partes habían convenido en que el caso fuera juzgado en la corte de distrito y apelado para ante este tribunal. Al resolver una moción de desestimación este tribunal dijo:

"En *El Pueblo* v. *Rubio*, 44 D.P.R. 889, indicamos que si el apelante lograba demostrar que la notificación por correo había llegado

a manos del fiscal, quizá podría sostenerse que la notificación había sido hecha personalmente. Y en *El Pueblo* v. *Varela,* supra, resolvimos que el propósito del estatuto era que se le hiciese al Pueblo de Puerto Rico una notificación material.

"Además, creemos que dados los hechos del caso surgió un impedimento (*estoppel*). El apelante fué a la oficina del fiscal de distrito y allí se cercioró de que la notificación de la apelación había sido realmente recibida. Cuando el abogado del apelante acudió a la oficina del fiscal de distrito con el fin de hacer una notificación personal, como parece ser la inferencia lógica, era entonces deber del fiscal de distrito insistir en una notificación más formal, si así lo deseaba. Todas las circunstancias del caso tienden a demostrar que el fiscal de distrito tuvo conocimiento personal de la apelación."

En *Pueblo* v. *Acevedo,* 48 D.P.R. 753, este tribunal en una opinión de la mayoría distinguió los casos de *El Pueblo* v. *Varela* y *El Pueblo* v. *Mercado,* supra, y resolvió lo siguiente, conforme aparece del sumario:

"El que al dictarse sentencia en su contra, el acusado manifieste su deseo de apelar y pida que se le fije fianza, así como el que el taquígrafo notifique su transcripción de la evidencia entregando copia de ella al fiscal y luego sea aprobada por la corte en sesión pública, no equivale a ni implica notificación alguna de apelación al fiscal (*Pueblo* v. *Varela,* 41:889, y *Pueblo* v. *Mercado,* 45:750, *distinguidos*)."

En *Ex parte Orellana,* 46 D.P.R. 207, este tribunal también resolvió lo siguiente, según aparece del sumario:

"Desestimado un recurso de apelación interpuesto por un acusado por haberse dejado de notificar al fiscal, puede el acusado apelar de nuevo cumpliendo con dicho requisito, si el término fijado por la ley para apelar no hubiere aún vencido."

En el caso de *El Pueblo* v. *Hernández Laureano,* ante, pág. 495, el fiscal de esta corte compareció y solicitó el sobreseimiento y archivo definitivo del caso, mas no pidió la desestimación del recurso. Se resolvió que había renunciado el derecho a ser notificado. Este tribunal decidió que tenía jurisdicción y procedió a resolver el caso revocando la sentencia de la corte de distrito y devolviendo el mismo para ulteriores procedimientos.

La regla, desde luego, es que se debe hacer una notifica-ción personal. No debe entenderse que resolvemos lo contrario. El presente, sin embargo, es un caso excepcional.

El acuse de la notificación lee así:

"Notificado con copia hoy día 6 de abril de 1938.

"Pedro Rodríguez Serra,
"Fiscal del Distrito

"Por (fdo.) H. Rivera,
"Taquígrafo."

No vemos razón alguna por la cual un fiscal de distrito no pueda autorizar a su taquígrafo para que firme las notificaciones de escritos de apelación. Un taquígrafo oficial, ya esté expresamente autorizado o no, que asume tal autoridad y acepta la notificación de un escrito de apelación en la forma indicada, puede, y a nuestro juicio debe considerársele, como un delegado defacto, en tanto en cuanto concierne al público. El fiscal de distrito que prefiera no seguir tal precedente, puede descontinuar la práctica en cualquier momento al ordenárselo así a su taquígrafo.

Conforme se indica en el caso de *Sanxey* v. *Iowa City Glass Co.*, 27 N. W. 747, el código del Estado de Iowa proveía que la apelación se entablaría, "notificándole el escrito a la parte contraria y al secretario." La corte resolvió en dicho caso, según aparece del sumario, que:

"Un estatuto que exija que el escrito de apelación sea notificado al secretario de la corte, queda cumplido al notificársele dicho escrito a su auxiliar durante la ausencia o incapacidad del secretario."

En *Wheeler & Wilson Manufacturing Co.* v. *Sterrett*, 62 N. W. 675, la misma corte resolvió, conforme aparece del sumario, que:

"La aceptación de un escrito de apelación por un subsecretario *de facto* es válida."

El presente caso, sin embargo, no gira enteramente sobre la cuestión de si el taquígrafo del fiscal era o no un delegado defacto.

Entre las presunciones controvertibles establecidas por el artículo 102 de nuestra Ley de Evidencia (Sección 464, Código de Enjuiciamiento Civil, edición de 1933), aparecen las siguientes:

"15. Que los deberes de un cargo han sido cumplidos con regularidad.

"27. Que las cosas han ocurrido de acuerdo con el proceso ordinario de la naturaleza y los hábitos ordinarios de la vida."

Si el taquígrafo oficial del fiscal de distrito que aceptó la entrega del escrito de apelación a nombre y en representación del fiscal no era un delegado defacto, si el letrado del apelante no tenía derecho a asumir que el taquígrafo estaba debidamente autorizado para aceptar la entrega de copia del escrito de apelación, y si el fiscal de distrito no quedaba obligado por tal aceptación, surge por lo menos la inferencia lógica de que el taquígrafo informó al fiscal de lo ocurrido y le entregó la copia del escrito de apelación. Si las manos de este tribunal no están atadas por la teoría de un defecto jurisdiccional, si estamos en libertad para ejercer nuestra discreción y si la doctrina de renuncia e impedimento (*waiver and estoppel*) puede ser invocada, entonces ni al fiscal de distrito ni al de este tribunal debe permitírseles que repudien la aceptación formal de copia del escrito de apelación en el presente caso ocho meses después de tal aceptación, más de siete meses después de radicarse el legajo de sentencia en este tribunal, más de cinco meses después de presentarse el alegato del apelante, más de cuatro meses después de señalarse el caso para vista y unos dos meses después de haber expirado el término dentro del cual el acusado pudo haber entablado una segunda apelación.

*Debe declararse sin lugar la moción.*

El Juez Presidente Sr. Del Toro no intervino.

El Juez Asociado Sr. Wolf disintió. *

El Juez Asociado Sr. De Jesús está conforme con el resultado.*

---

* NOTA: Véase el prefacio.