964

Núm. 9352.—Pueblo, apldo. v. Sánchez (a) Polo, aplte.— Junio 5, 1942.

(Por la Corte, a propuesta del Juez Presidente Sr. Del Toro.)

Por cuanto, en mayo 19, 1942 el Fiscal solicitó la desestimación del recurso interpuesto en este caso porque no habiendo el apelante notificado su apelación al Fiscal, al entablarla, esta corte no había adquirido jurisdicción para conocer de la misma, y

Por cuanto, notificado el apelante, se opuso a la desestimación porque al radicar su apelación estaba preso y no pudo hacer entrega personal de la copia de su escrito al Fiscal pero desde la cárcel solicitó que la notificación se hiciera y porque la moción de desestimación es tardía ya que fué presentada cuando estaba radicado el legajo de la sentencia en la secretaría de este Tribunal por virtud de lo cual esta Corte adquirió jurisdicción, fijó fecha al apelante para radicar su alegato y habiéndolo radicado señaló la vista del recurso, y

Por cuanto, señalada la vista de la moción para el 25 de mayo último ambas partes comparecieron e informaron oralmente sosteniendo sus respectivas peticiones, quedando la cuestión sometida a la decisión del tribunal, y

Por cuanto, tanto la ley—arts. 350 y 351 del Código de Enjuiciamiento Criminal—como la repetida jurisprudencia de esta propia Corte — Pueblo v. Rubio, 44 D.P.R. 889; Pueblo v. The Shell Co. (P. R.) Ltd., 47 D.P.R. 895; Pueblo v. Martínez, 53 D.P.R. 578—es terminante en el sentido de que esta Corte no adquiere jurisdicción

si la interposición del recurso no se notifica en el tiempo y en la forma que la misma ley dispone y esa notificación no se hizo en este caso, y

Por cuanto, ni el hecho de que el acusado apelante estando preso solicitara que la notificación se hiciera sin que se diera cumplimiento a su solicitud, ni el de que los autos de la apelación se radicaran en esta Corte y se concediera una prórroga al apelante para presentar su alegato y presentado el juicio se señalara, constituyen un cumplimiento substancial del de la ley, de modo que el caso pudiera considerarse comprendido dentro de lo resuelto en el del *Pueblo* v. *Arroyo,* 54 D.P.R. 895 y los en él citados,

Por tanto, debe declararse como se declara con lugar la moción y en su consecuencia desestimarse como se desestima, por falta de jurisdicción, el recurso.