ENRIQUE ZABALA FIGUEROA, Petitioner and Appellant, *v.* FÉLIX R. RIVERA, WARDEN OF THE INSULAR PENITENTIARY, Respondent and Appellee.

No. 10200. Argued July 12, 1950.—Decided November 22, 1950.

---

*Santos P. Amadeo, Benjamín Rodríguez Ramón, Angel Cruz Cruz* and *Carlos Carrera Benítez,* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Frank Vizcarrondo Vivas, Assistant Fiscal,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

This is an appeal from a judgment of the district court dismissing a petition for habeas corpus. The petitioner was convicted in the lower court by a jury on a charge of murder in the first degree and sentenced to life imprisonment. He was represented at the trial by Lic. Obdulio Bauzá, who was appointed by the court. A notice of appeal was filed, but we dismissed the appeal for failure to notify the district attorney with the notice of appeal.

At the trial on the petition for habeas corpus, Lic. Bauzá testified that he had no participation in the notice of appeal; that he did not appeal because he was of the opinion that no substantial error had been committed during the trial and that an appeal would be frivolous; that the defendant did not tell him of his purpose to appeal; and that he never withdrew as counsel appointed for the court.

The petitioner testified that on the day he was sentenced he brought to court with him a notice of appeal, prepared for him by a friend of his in jail; that Lic. Bauzá took it, said it was all right and presented it, in the presence of

the judge and the district attorney; and that he did not request his attorney to prepare it and file it prior to that time because he did not know his address.

The lower court resolved the conflict in the evidence in favor of the People. It believed Lic. Bauzá's version of the facts. It found that "the said attorney understood that there was no reason justifying appeal as he was of the opinion that the court had not committed any error of law and that, as the said attorney indicated, the testimony presented by the People justified the verdict rendered. It was for these reasons that he did not file a notice of appeal." While the lower court made no specific mention of the testimony of the petitioner, it is apparent that it did not believe his testimony to the effect that he gave his attorney the notice of appeal at the time he was sentenced. On the contrary, the district court apparently believed that what occurred was that, without notifying his counsel, the petitioner undertook to prosecute his own appeal. But he failed to follow the requirements for appeal. And the lower court held that his negligence or ignorance in that respect cannot be repaired by utilizing habeas corpus.

The only assignment on appeal is that the lower court erred in not holding that the defendant had been deprived of his liberty without due process of law.

We assume, without deciding, (a) that the petitioner had both a statutory and constitutional right to counsel on appeal, and (b) that if an attorney, either retained by the defendant or appointed by the court, decides not to appeal because in his opinion the appeal would be frivolous, he must notify his client of that decision to give the latter the opportunity to obtain other counsel if the defendant insists on exercising his right of appeal.[1] But neither of these

[1] Cf. Section 2 of Act No. 91, Laws of Puerto Rico, 1940, as amended by Act No. 71, Laws of Puerto Rico, 1941; Boykin v. Huff, 121 F. 2d 865, 872 (C. A., D. C., 1941); Cole v. Arkansas, 333 U. S. 196, 201; Edwards v. United States, 139 F. 2d 365, 367 (C. A., D. C., 1943), and cases cited; State v. Hilgemann, 34 N.E. 2d 129 (Ind., 1941); Cochran v. Kansas, 316 U. S. 255; Annotations, 146 A.L.R. 369, 432; 157 A.L.R. 1225.

propositions applies here. Instead, the record supports the conclusion that the defendant chose to ignore his own attorney and took charge of his own case by having a notice of appeal prepared without consulting his attorney and filing it himself. Under those circumstances, he waived his right, if any, to counsel on appeal. And he has only himself to blame because his appeal was thereafter dismissed because of failure to notify the district attorney thereof.

Under this same assignment of error the petitioner also argues that to require the defendant to notify the district attorney personally of his appeal is an unconstitutional deprivation of his right of appeal. We never reach this question as the petitioner bases his argument on the assumption that the petitioner proved by his testimony that the district attorney received what he calls constructive notice of his appeal when he announced his purpose to appeal in open court in the presence of the judge, the district attorney and Lic. Bauzá and gave the latter the notice of appeal to file for him. This argument as to alleged constructive notice falls of its own weight as it is predicated on testimony of the petitioner which the lower court did not believe.[2]

The judgment of the district court will be affirmed.

---

[2] Cf. People v. Díaz, 60 P.R.R. 822; People v. Sánchez, 60 D.P.R. 964 (per curiam).