ENRIQUE ZABALA FIGUEROA, peticionario y apelante, *v.* FÉLIX R. RIVERA, en su carácter de Jefe de la Penitenciaría Insular, querellado y apelado.

Núm. 10200.—*Sometido:* Julio 12, 1950. *Resuelto:* Noviembre 22, 1950.

*Santos P. Amadeo, Benjamín Rodríguez Ramón, Ángel Cruz Cruz y Carlos Carrera Benítez,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo, y Frank Vizcarrondo Vivas, Fiscal Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Éste es un recurso contra sentencia de la corte de distrito declarando sin lugar una solicitud de hábeas corpus. El peticionario fué convicto por un jurado en la corte inferior de asesinato en primer grado y fué sentenciado a reclusión perpetua. Estuvo representado en el juicio por el Lic. Obdulio Bauzá, como abogado de oficio. Se radicó un escrito de apelación, pero desestimamos la misma por no haberse notificado al fiscal de distrito con copia de dicho escrito.

En la vista del hábeas corpus, el Lic. Bauzá declaró que él no tuvo participación en el escrito de apelación; que no apeló porque era de opinión que no se había cometido error sustancial alguno durante el juicio y que la apelación hubiera sido frívola; que el acusado no le notificó su propósito de apelar; y que nunca se retiró del caso como abogado de oficio.

El peticionario declaró que el día qué fué sentenciado llevó a la corte un escrito de apelación preparado para él por un amigo que tenía en la cárcel; que el Lic. Bauzá lo cogió, dijo que estaba bien y lo radicó en presencia del juez y del fiscal; y que el acusado no había solicitado de su abogado antes de esto que lo preparara y lo radicara porque no sabía su dirección.

La corte inferior resolvió el conflicto en la prueba a favor del Pueblo. Creyó la versión de los hechos que hizo el Lic. Bauzá. Resolvió que "dicho abogado entendió que no había razón alguna que justificara el recurso de apelación por considerar él que la corte no había cometido ningún error de derecho y que, según dijo dicho abogado, la prueba presentada por el Pueblo justificaba el veredicto rendido. Que por estas razones no radicó escrito alguno de apelación." Aun cuando la corte inferior no mencionó específicamente la declaración del peticionario, es aparente que no dió crédito a su testimonio al efecto de que cuando fué sentenciado él entregó a su abogado el escrito de apelación. Por el contrario, la corte de distrito aparentemente creyó que lo que ocurrió

fué que, sin notificar a su abogado, el peticionario se decidió a tramitar su propia apelación. Pero no cumplió con los requisitos para apelar. Y la corte inferior resolvió que su negligencia o ignorancia en ese sentido no pueden subsanarse mediante hábeas corpus.

En apelación el único señalamiento es que la corte inferior erró al no resolver que al acusado se le había privado de su libertad sin el debido procedimiento de ley.

 Suponemos, sin decidirlo, (a) que el peticionario tenía derecho tanto estatutario como constitucional a tener abogado en apelación, y (b) que si un abogado, ya sea contratado por el acusado o nombrado por la corte, decide no apelar, porque en su opinión la apelación sería frívola, éste debe notificar a su cliente de dicha decisión para darle a éste la oportunidad de obtener otro abogado, si es que desea insistir en hacer uso de su derecho a apelar.([1]) Pero aquí no concurre ninguna de estas proposiciones. Por el contrario, los autos sostienen la conclusión de que el acusado optó por hacer caso omiso de su abogado y prosiguió con su caso haciendo preparar un escrito de apelación sin consultar a su abogado y procediendo a radicarlo por su cuenta. Bajo estas circunstancias, renunció a su derecho, de alguno tener, a estar representado por abogado en apelación. Y él es el único culpable de que su apelación fuera posteriormente desestimada por no haberse notificado la misma al fiscal de distrito.

Bajo este mismo error el peticionario también alega que el exigirle que notificara personalmente al fiscal de distrito del escrito de apelación, es una privación inconstitucional de su derecho de apelación. Nunca llegamos a esta cuestión ya

---

([1]) Cf. Artículo 2 de la Ley núm. 91, Leyes de Puerto Rico, 1940 (pág. 613), según fué enmendado por la Ley núm. 71, Leyes de Puerto Rico, 1941 ((1) pág. 653); *Boykin* v. *Huff*, 121 F.2d 865, 872 (C.A., D. C., 1941); *Cole* v. *Arkansas*, 333 U. S. 196, 201; *Edwards* v. *United States*, 139 F.2d 365, 367 (C.A., D. C., 1943), y casos citados; *State* v. *Hilgemann*, 34 N.E. 2d 129 (Ind., 1941); *Cochran* v. *Kansas*, 316 U. S. 255; Anotaciones, 146 A.L.R. 369, 432; 157 A.L.R. 1225.

que el peticionario basa su contención en la presunción de que el peticionario probó, mediante su testimonio, que el fiscal de distrito recibió lo que él llama notificación constructiva de su apelación, cuando en corte abierta anunció su propósito de apelar, en presencia del juez, del fiscal y del Lic. Bauzá y le dió a éste el escrito de apelación para que se lo radicara. Esta alegación en cuanto a la supuesta notificación constructiva cae por su propio peso, ya que está predicada en el testimonio del peticionario, al cual la corte inferior no dió crédito alguno. ([2])

*La sentencia de la corte de distrito será confirmada.*

---

([2])*Cf. Pueblo* v. *Díaz,* 60 D.P.R. 844; *Pueblo* v. *Sánchez,* 60 D.P.R. 964 (*per curiam*).