COOK v. UNITED STATES.
No. 10986.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 24, 1951.

Decided Nov. 29, 1951.

374

T. Emmett McKenzie, Washington, D. C., with whom James K. Hughes, Washington, D. C., was on the brief, for appellant. Curtis .P. Mitchell, Washington, D. C., also entered an appearance for appellant.

Martin J. McNamara, Jr., Asst. U. S. Atty., with whom George Morris Fay, U. S. Atty. at the time the brief was filed, and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee. Charles M. Irelan, who was appointed U. S. Atty. subsequent to the argument in this case, Washington, D. C., also entered an appearance for appellee.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant was indicted, tried and convicted on five counts relating to the operation of a lottery, the so-called "numbers game". He was acquitted on one count.

▮ He says, first, that the acquittal on the one count required acquittal on all. In the one count it was charged that he "Continuously during the period from about June 16, 1950 to about June 27, 1950" was concerned in the lottery. In four of the other counts he was charged with selling a chance in a lottery on each of four different specific dates to a specific person. We think that he might well have sold the four chances on the four dates without being "continuously" so engaged over the eleven-day period. The sixth count related to possession of numbers slips. Obviously that was not negatived by the acquittal on the "continuously" operating count.

▮ Appellant claims entrapment, claims lack of sufficient evidence to go to the jury, and claims that it was not proven that the numbers slips involved in the sixth count were "live" slips. The difficulty with all these points is that none of them is substantiated in respect to the fifth count, and, since the sentence was no greater than the maximum on one count, the judgment must stand. As to the incident concerned in the fifth count the officer testified, "I said, 'Put this quarter on 299,' and he said that he would"; and appellant testified, "Well, the 27th he came in and handed me a quarter and told me to put it on number 299, and I put the quarter in my pocket and I went on about my work."

No semblance of entrapment appears in those accounts of the incident, and the evidence was ample to go to the jury. Slips were not involved in that count, so we do not reach the question whether the slips found on appellant were "live" or "dead".

Affirmed.