EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EDUARDO PÉREZ COLÓN, acusado y apelante.

Número 16346.
*Sometido:* 12 de mayo de 1958. *Resuelto:* 19 de mayo de 1958.

*Fernando Pérez Regis, Defensor Judicial,* abogado del apelante; *Hon. Secretario de Justicia J. B. Fernández Badillo, Arturo Estrella, Secretario Auxiliar de Justicia, Alfredo Archilla Guenard* y *William Fred Santiago, Fiscal* y *Fiscal Auxiliar del Tribunal Supremo,* respectivamente, abogados de El Pueblo, apelado.

*PER CURIAM:* Eduardo Pérez Colón fué acusado ante el Tribunal Superior, Sala de Ponce, por un delito de infracción a la sec. 77 de la Ley de Espíritus y Bebidas Alcohólicas (13 L.P.R.A. sec. 1754). Celebrado el juicio, fué convicto y se le impuso pena de dos meses de cárcel. En este recurso de apelación imputa los siguientes errores: (1) "el tribunal inferior cometió error al admitir la evidencia ocupada"; (2) "el tribunal inferior cometió error en la apreciación de la prueba."

La primera contención del apelante se basa en que la testigo Estéfana Martínez incurrió en contradicciones esenciales al identificar la botella que contenía ron clandestino que le vendió el acusado. No tiene razón. La declaración de la testigo, que fué creída por el tribunal sentenciador, demuestra claramente que el acusado tenía en su posesión una caneca de ron clandestino, que se la vendió a la testigo, y que esa misma botella fué la que el ministerio público ofreció en evidencia durante el juicio. Cualquier conflicto en la prueba presentada por ambas partes fué resuelto por el tribunal a quo dándole crédito a la de cargo. Y no existe aquí base para intervenir con esa determinación. *Pueblo* v. *Piñeiro,* 77 D.P.R. 531, 534 (1954); *Pueblo* v.

302

*Comas,* 75 D.P.R. 413 (1953); *Pueblo* v. *Millán,* 71 D.P.R. 440 (1950). Por otro lado, la prueba no justifica excluir dicha evidencia a base de la teoría del "entrapment". Basta señalar que ningún agente de orden público intervino ni directa ni indirectamente en la transacción de venta simulada mediante la cual se obtuvo la evidencia objetada. Véase *Pueblo* v. *Pérez,* 71 D.P.R. 865, 868 (1951); Perkins, *Criminal Law,* 921–926, (1957).

El segundo apuntamiento de error no tiene méritos. Hubo prueba directa que demuestra la culpabilidad del acusado. Siendo ésta suficiente en derecho para sostener la sentencia, no podemos alterarla en apelación.

*Debe confirmarse la sentencia apelada.*