El Pueblo de Puerto Rico, demandante y apelado, *v.* José Esoobar Correa, acusado y apelante.

Núm. 9925.—*Sometido:* Junio 1, 1943. *Resuelto:* Junio 14, 1943.

*Juan Nevares Santiago,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El apelante fué convicto y sentenciado a cumplir un mes de cárcel y al pago de las costas por un delito de infracción a la Ley de Espíritus y Bebidas Alcohólicas, consistente en tener en su poder y a su disposición, con la intención criminal de defraudar al Tesoro de Puerto Rico, un galón de espíritu destilado (ron caña) sobre el cual no se había pagado el impuesto que fija el artículo 4 de la citada ley. Apeló de esa sentencia y como único error alega que debió absolverle la corte sentenciadora, toda vez que no se probó que sobre el ron que le fué ocupado no se hubiese pagado el referido impuesto. En efecto, aparece de la transcripción de evidencia que el licor fué ocupado al acusado y presentado como prueba en la Corte Municipal, pero no aparece manifestación alguna por parte del único testigo que declaró sobre los hechos—Francisco Rivera, agente de Rentas Inter-

nas—, al efecto de que el envase que contenía el alcohol tuviese o dejase de tener adheridas al mismo estampillas de rentas internas por valor del impuesto correspondiente. El acusado no declaró ni presentó prueba alguna de defensa, descansando exclusivamente en la insuficiencia de la del fiscal. No se presentó en evidencia el mencionado envase en el juicio *de novo* ante la corte de distrito, de suerte que pudiese determinarse con vista del mismo si en efecto se había pagado o no el impuesto. El referido agente de rentas internas se limitó a declarar, en relación con este punto, que en compañía de Jesús M. Fragoso salió en viaje de inspección por el campo y en una rehoya encontraron un alambique destilando y un galón de ron, y al acercarse al sitio unas personas que había allí se fueron, quedándose únicamente el acusado, quien al ser interrogado con respecto a la propiedad del alambique y del ron declaró que eran suyos y que él exclusivamente era responsable.

El fiscal de este tribunal admite que el envase no fué presentado en evidencia en la corte inferior y que nadie declaró que sobre el mismo no apareciesen fijadas las estampillas demostrativas del pago del impuesto; pero sostiene que era a la defensa y no al gobierno a quien incumbía presentar esa evidencia, invocando en apoyo de su tesis varios casos de este Tribunal relativos a infracciones de dicha ley por tener alambiques sin registrar en el Departamento de Hacienda, habiéndose sostenido en dichos casos que la prueba de la inscripción del alambique incumbe a la defensa y no al fiscal, aplicándose en todos ellos la regla que sostiene que la obligación de probar un hecho recae sobre la parte que presuntivamente tiene medios peculiares de conocimiento que la ponen en condiciones de probar su falsedad, si en efecto es falso, y que se aplica generalmente a aquellos casos en que se imputa al acusado el dedicarse a un negocio sin la licencia requerida por la ley. Pero la regla invocada por el fiscal no es aplicable al presente caso. Como se dice en 9 Wigmore *on Evidence,* Sección 2487, pág. 275, refirién-

dose a la regla citada, la verdad es que no hay ni puede haber una regla absoluta para todos los casos. La regla que deba aplicarse es meramente una cuestión de justicia y orden público, basada en la experiencia en las diferentes situaciones.

El impuesto provisto en la Ley de Espíritus y Bebidas Alcohólicas (Tercera Legislatura Extraordinaria, 1936, pág. 45) debe pagarse en estampillas de rentas internas que se fijan en el envase contentivo de la bebida, y el Reglamento Núm. 1, promulgado de acuerdo con las disposiciones de la citada ley, en su artículo 8, inciso C, prescribe:

"Las estampillas de identificación serán canceladas sobreimprimiendo o perforando en ellas el nombre del destilador, rectificador, fabricante, envasador o importador de las bebidas alcohólicas que han de identificarse con tales estampillas, y la fecha de cancelación será sobreimpresa o perforada en cada estampilla. *Inmediatamente que los envases de bebidas alcohólicas se hayan vaciado, la estampilla de identificación adherida a los mismos deberá destruirse completamente por la persona que vacíe dichos envases, no arrancando o destruyendo de un envase la estampilla mientras éste no haya sido vaciado por completo.*" (Bastardillas nuestras.)

Parece claro que el propósito del citado precepto del Reglamento es, mediante la fijación de la estampilla en el envase, poder determinar en cualquier momento, hasta donde sea humanamente posible, si el impuesto sobre su contenido ha sido o no pagado.

Habiéndose ocupado por el agente de rentas internas el envase conteniendo el licor y no expidiéndose licencia que acredite el pago de ese impuesto, es evidente que no existe, dentro de las circunstancias de este caso, la razón que inspira la regla invocada por el fiscal. De acuerdo con el citado precepto del Reglamento, [1] es obvio que la mejor evidencia para probar si ese impuesto ha sido o no pagado es el envase conteniendo la bebida, a menos que se demuestre que existen motivos razonables que impidan presentar dicho en-

234

vase como prueba, caso en el cual podrá presentarse otra. evidencia que fuere pertinente. Siendo ello así y habiendo el agente ocupado el envase con la bebida, sin demostrar que dicho envase no pudiera presentarse como prueba a pesar de haberlo así solicitado expresamente la defensa (T. de E., pág. 11), como cuestión de justicia y de orden público [2] no podemos imponer al acusado el deber de probar la existencia de un hecho cuando el propio gobierno le priva de los medios de presentar esa prueba. _Cf. Macklin_ v. _United States,._ 79 F. (2d) 756.

No habiendo el fiscal probado el elemento esencial del delito, es decir, que sobre el licor ocupado no había sido pagado el impuesto de rentas internas correspondiente, _procede declarar con lugar el recurso, revocar la sentencia apelada y absolver libremente al acusado._