EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ VILLANUEVA, conocido por DIEGO VILLANUEVA, acusado y apelante.

Núm. 14865.—*Sometido:* Noviembre 21, 1950.
*Resuelto:* Noviembre 29, 1950.

918

*José Veray, Jr.,* abogado del apelante; *Hon. Procurador General Vicente Géigel Polanco* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

José Villanueva, conocido por Diego Villanueva, fué sentenciado a sufrir dos meses de cárcel por infracción a la Ley de Bebidas. Se le imputó haber infringido los artículos 4, 21 y 77 de la Ley núm. 6 de 30 de junio de 1936 (Tercera Legislatura Extraordinaria, pág. 45), consistente el delito en tener en su poder y a su disposición dos envases de cristal, conteniendo cada uno un galón de alcohol de grado bajo conocido por ron caña, sin tener adheridos los correspondientes sellos de rentas internas.

En apoyo de la apelación interpuesta contra la anterior sentencia sostiene ahora que la corte inferior erró: (1) al declararle culpable con la declaración de un cómplice cuyo testimonio en modo alguno aparece corroborado; (2) al considerar como prueba de *res gestae* manifestaciones de un cómplice; y (3) al sentenciarle sin que se probara que los envases que contenían el ron ocupado no tuvieran adheridas las correspondientes estampillas de rentas internas.

Discutiremos en primer lugar el tercero de los errores señalados. Si bien es cierto que en el caso de *Pueblo* v. *Es*

*cobar*, 62 D.P.R. 231 resolvimos que "en procesos por tener ron sin haber pagado el impuesto de rentas correspondiente, al fiscal corresponde probar que sobre el ron ocupado no se había pagado el impuesto," debe advertirse, sin embargo, que en él hicimos constar claramente a la página 232 que "no se presentó en evidencia el mencionado envase en el juicio *de novo* ante la corte de distrito, de suerte que pudiese determinarse con vista del mismo si en efecto se había pagado o no el impuesto.". Esto significa a *contrario sensu* que de presentarse en evidencia ante la corte de distrito el envase conteniendo el ron, el tribunal hubiera estado en posición de determinar, con vista del mismo, si las estampillas requeridas por la ley fueron o no adheridas. En el caso de autos aparece de la transcripción (pág. 12), que los dos envases conteniendo el ron ocupado fueron ofrecidos en evidencia. Siendo ello así, aunque el fiscal no adujo prueba directa al efecto de que los mismos no tenían adheridas las estampillas, el juez sentenciador estuvo en condiciones de determinar si se había cumplido o no con tal requisito de ley. No fué, pues, cometido este error.

Mientras declaraba como testigo de El Pueblo, al policía José Pagán González se le preguntó por el ministerio público "¿cuando usted arrestó a este menor (refiriéndose a Jenaro Rivera Villanueva) con sus dos galones de ron le manifestó él algo a usted?" La defensa se opuso alegando que ésa era prueba de referencia. El juez inmediatamente manifestó: "si fué en el momento que lo arrestó, no; sin lugar," agregando el fiscal que "eso forma parte del *res gestae*." La defensa tomó excepción a la resolución de la corte y el testigo entonces replicó: "Él me dijo que el ron era de Diego Villanueva." Esta declaración no era admisible en evidencia, por ser de referencia y no aparecer que se trataba de una de las excepciones. No se demostró en forma alguna el momento, ni las circunstancias en que dichas palabras fueron pronunciadas, como tampoco la sorpresa o espontaneidad

de las mismas, para que fueran admisibles como prueba. *Pueblo* v. *Calventy*, 34 D.P.R. 390; Wigmore *on Evidence*, Vol. VI, Tercera ed., pág. 135, párrafo 1747; *cf.* 20 Am. Jur. 1091, párrafo 1239. El error, sin embargo, no debe dar lugar a la revocación, ya que el menor a quien se atribuyen tales manifestaciones había declarado previamente en el juicio haberlas hecho en el cuartel.

██ ██ Sin embargo, el otro error imputado nos parece más serio. Como se recordará, éste es al efecto de que se declaró culpable al acusado con la sola declaración de un cómplice y sin que su testimonio en modo alguno fuera corroborado.

La declaración del menor Rivera Villanueva sólo tendió a demostrar que el acusado ofreció pagarle cincuenta centavos por transportarle los dos envases conteniendo el ron y que mientras él así lo hacía fué arrestado por el policía Pagán González. Ninguna otra prueba hay en autos sobre la culpabilidad del acusado.

Si Rivera Villanueva fué sorprendido transportando licor cuyos envases no tenían adheridos los sellos de rentas internas correspondientes, éste incurría en el mismo delito imputado al acusado. Era, por tanto, un cómplice. El fiscal así lo admitió durante el juicio, expresando que no lo acusó por haberlo hecho testigo de El Pueblo.

Provee el artículo 253 del Código de Enjuiciamiento Criminal que:

"No procede la convicción por declaración de un cómplice, a no ser que ésta sea confirmada por alguna otra prueba que, por sí misma y sin la ayuda del testimonio del cómplice, tienda a demostrar la relación del acusado con la comisión del delito;. . . ."

Si eliminamos la declaración de Rivera Villanueva, no queda en el caso ninguna otra prueba que tienda a conectar al acusado con la comisión del delito. *Pueblo* v. *Díaz*, 67 D.P.R., 785, 787. No debió, por ende, condenársele.

*Debe revocarse la sentencia apelada y absolverse al acusado.*