EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN SANTANA FLORES, c/p "EL GATO", acusado y apelante.

Números 15998–999.

*Sometido:* 1 de noviembre de 1955. *Resuelto:* 10 de abril de 1956.

*E. J. Fonfrías* y *F. Ramos Quirós,* abogados del apelante; *Hon. Secretario de Justicia Interino J. B. Fernández Badillo,* y *Rafael L. Ydrach Yordán* y *Ramón Olivo Nieves, Fiscal* y *Fiscal Especial, respectivamente, del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del Tribunal.

Juan Santana Flores fué acusado en el Tribunal Superior, Sala de Bayamón, de haber violado el art. 6 de la Ley de Armas, (¹) y los arts. 21 y 77 de la Ley de Bebidas. (²)   Las

---

(¹) Ley de Armas de Puerto Rico, núm. 17 de 19 de enero de 1951, según ha sido enmendada.   La sec. 6 de dicha ley dispone en parte que: "Toda persona que tenga o posea cualquier pistola, revólver u otra arma de fuego sin tener licencia para ello expedida como más adelante se dispone, será culpable de delito menos grave...".   25 L.P.R.A. sec. 416.

(²) Ley de Espíritus y Bebidas Alcohólicas, núm. 6 de 30 de junio de 1936, según ha sido enmendada.   La sec. 21 de dicha ley prescribe en parte que: "Ninguna persona transportará, poseerá, comprará, venderá o trasladará espíritus destilados o bebidas alcohólicas, a menos que el envase que los contenga lleve adherido estampillas significando que se han pagado los impuestos de rentas internas fijados por este subtítulo sobre dicho producto tributable...".   13 L.P.R.A. sec. 1574, y el art. 77, lee parcialmente así: "Toda persona que tenga en su poder o a su disposición en cualquier sitio productos sujetos a impuesto por este subtítulo, sobre los cuales no haya pagado el impuesto, con excepción de aquéllas personas debidamente autorizadas por este subtítulo, será culpable de un delito menos grave, y convicta que fuere será castigada como se expresa a continuación: . . .".   13 L.P.R.A. sec. 1754.

dos causas fueron vistas conjuntamente. En ambas fué declarado culpable, y sentenciado en cada una de ellas a la pena de siete meses de cárcel, a ser cumplidas dichas sentencias concurrentemente. Apeló en los dos procesos, y en un solo alegato discute ambas apelaciones.

Pasamos a hacer un breve resumen de la prueba que fué presentada, para después referirnos a los errores apuntados, que a juicio del apelante deben dar lugar a la revocación de las sentencias.

La evidencia ofrecida por el ministerio fiscal tendió a demostrar que un número de agentes de rentas internas, en posesión de una orden de allanamiento para ocupar ron clandestino en la residencia del apelante, practicaron un registro, tanto en el interior de dicha residencia, como en el patio de la misma, y que en éste encontraron cierta cantidad de ron sobre el que no se habían pagado los derechos de rentas internas. En la casa, en una cartera de mujer que estaba en un ropero, hallaron un revólver, sin que el acusado tuviera licencia para poseerlo. El arma fué encontrada después de haberse incautado los agentes del ron clandestino, cuando registraban el interior de la residencia. Según el testimonio de uno de los testigos de cargo, el apelante, al ser hallado el revólver, manifestó que se lo habían empeñado. La prueba de la defensa consistió en la declaración del acusado, quien depuso que los agentes no ocuparon ron alguno, y en cuanto al revólver, que él ignoraba que estuviera en la casa, no sabiendo a quién pertenecía.

■ Sostiene el apelante en el primer señalamiento que erró la corte a quo "al admitir como evidencia legalmente obtenida el arma ocupada..., y por ende, declararlo culpable de violación al artículo 6 de la Ley de Armas de Puerto Rico".

La contención es que dicho tribunal se equivocó al negarse a suprimir el revólver como evidencia, ya que "La orden de registro y allanamiento contra el acusado iba dirigida contra la morada de éste en busca de ron cladestino y no contra

un arma que se hallaba dentro de una cartera de mujer guardada ésta en un ropero", y que con la incautación de dicha arma se infringieron los párrafos 3 y 4 de la Sección 10 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico. El señalamiento está desprovisto de méritos. *Pueblo* v. *Rodríguez*, 73 D.P.R. 323; *Pueblo* v. *Malbert*, 75 D.P.R. 693. Lo resuelto en esos casos es de aplicación al de autos, a pesar de que en aquéllos estaban envueltas órdenes de allanamiento expedidas estando en vigor la Carta Orgánica de Puerto Rico de 1917. Las disposiciones de dicha ley referentes a mandamientos de allanamiento, y las del párrafo 3 de la Sección 10 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico son prácticamente iguales. La Carta Orgánica disponía en su Artículo 2, párrafo 14, que: "No se expedirá mandamiento de arresto o registro sino por motivo fundado, apoyado con juramento o afirmación, y describiendo particularmente el lugar que ha de registrarse y las personas que han de ser detenidas o las cosas que deben ser embargadas". El párrafo 3 de la Sección 10 del Artículo II de la Constitución del Estado Libre Asociado prescribe que: "Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse".

También se sostiene que la posesión de un arma de fuego no es ilegal *per se*, por lo que es preciso que medie una orden de registro "dirigida expresa y particularmente para incautarse del arma, previa existencia de causa probable apoyada en juramento o afirmación de que el poseedor de la misma no tiene licencia para poseerla", añadiéndose que lo contrario equivaldría a violar la garantía constitucional de la presunción de inocencia. Independientemente de si la posesión de un arma de fuego es o no ilegal *per se*, la prueba

en el caso de autos demostró que el apelante, al ocuparse el revólver, manifestó que se lo habían empeñado, y como acertadamente dice el fiscal "Procedía la ocupación del revólver, no ya por su naturaleza intrínseca, sino porque ante la admisión del acusado quedó plenamente establecida la comisión de un delito: la posesión ilegal de un arma de fuego". Los agentes de rentas internas se incautaron del revólver mientras estaban legalmente en la residencia del apelante, en virtud de la orden de allanamiento que se había expedido para ocupar ron sobre el cual no se habían pagado los derechos de rentas internas.

En el segundo apuntamiento se ataca la sentencia pronunciada en la causa por infracción a la Ley de Bebidas, alegándose que erró "el tribunal a quo al condenar al acusado...mediante una prueba a todas luces imprecisa y dudosa". No hay base alguna para concluir que dicho tribunal apreció la evidencia erróneamente, y la que fué creída es suficiente para sostener dicha sentencia.

*Las dos sentencias apeladas deberán ser confirmadas.*