EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* DÁMASO CRESPO PANTOJAS, acusado y apelante.

*Número:* CR-62-283      *Resuelto:* 25 de abril de 1963

*Tomás de Jesús Castro,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El apelante fue convicto de infringir la Ley de Espíritus y Bebidas Alcohólicas porque en 9 de octubre de 1960 tenía en su poder un envase de cristal (caneca) conteniendo ron caña, sin que dicho envase llevara adheridas las correspondientes estampillas de rentas internas.

Los errores señalados son frívolos porque (a) la prueba de cargo es suficiente para sostener la convicción, y dicha prueba destruyó la presunción de inocencia, (b) el tribunal sentenciador no ignoró el principio jurídico de la duda razonable, (c) se probó que el envase no tenía adheridas

las estampillas de rentas internas y (d) la intención específica de defraudar al Tesoro de Puerto Rico no es un elemento del delito imputado al apelante.

El sargento de la Policía, Santiago declaró, y el tribunal le dio crédito, que en octubre 9 de 1960 iba en misión oficial por una vereda pública de un barrio de Vega Alta, que pasa paralela a una casa que está a cargo de cierta señora; presenció que algunas personas corrían de un lado para otro; que el acusado estaba entre la cocina y la casa por donde pasa la vereda y que al verlo corrió hacia la cocina; que el acusado tiró una caneca contra el piso la cual explotó y dio un olor desagradable a ron caña; que con la autorización de la encargada de la casa, entró, recogió y olió los vidrios; que la botella que vio romper no tenía los sellos pues los vidrios no contenían sellos; que el acusado le dijo que había comprado allí la botella de ron caña y entonces el testigo lo llevó arrestado ante un juez.

La prueba de defensa tendió a demostrar que el acusado fue invitado por otras personas a tomar ron y luego él pidió a la encargada de la casa una caneca de ron caña y que cuando se la traían alguien gritó ¡la policía! La señora viró hacia atrás y sintieron un ruido como de algo que se rompía.

■ El único conflicto entre ambas pruebas se relaciona con la persona que tenía en su poder la caneca de ron caña y ese conflicto fue resuelto en contra del acusado usando el juzgador de la sana discreción que le da la ley. *Pueblo* v. *Blanco*, 68 D.P.R. 932 (1948). El testimonio del sargento de la Policía no fue confuso ni contradictorio y el mismo es suficiente para sostener la convicción del apelante. *Pueblo* v. *Pérez*, 80 D.P.R. 300 (1958); *Pueblo* v. *Rodríguez*, 80 D.P.R. 299 (1958); *Pueblo* v. *Santana*, 79 D.P.R. 122 (1956) y *Pueblo* v. *Comas*, 75 D.P.R. 413 (1953).

■ Es obvio que la mejor evidencia para probar si el impuesto ha sido o no pagado es el envase conteniendo la bebida, pero habiendo sido dicho envase destruido por el

propio acusado, lo que impidió su presentación como prueba, la otra evidencia—testimonio del Sargento Santiago—era pertinente para demostrar que el impuesto no se había pagado. *Pueblo* v. *Escobar*, 62 D.P.R. 231 (1943).

En cuanto a la alegación del apelante sobre la ausencia de prueba de la intención de defraudar al Tesoro de Puerto Rico, bastará recordar que la base "para exigir responsabilidad a una persona por la infracción de una o más de las modalidades comprendidas en el artículo 21 es el acto de transportar, poseer, comprar, vender o traspasar los espíritus destilados o bebidas alcohólicas cuando el envase o envases que los contenga, no lleve adheridas las estampillas de rentas internas exigidas por la ley".

*Se confirmará la sentencia apelada.*